UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GEORGE HENDERSON,

                      Plaintiff,

- against -

GENERAL STAR INDEMNITY COMPANY,

                      Defendants.
------------------------------------------------------------------------x

Civil Action No: 1:23-cv-694 (AMN/DJS)

**NOTICE OF REMOVAL**

        Defendant, GENERAL STAR INDEMNITY COMPANY, by its attorneys, Zelle LLP, respectfully alleges as follows:

        1.        On May 5, 2023, Plaintiff, George Henderson, sued General Star Indemnity Company in New York Supreme Court, Greene County by Summons and Complaint. Annexed as **Exhibit A** is a copy of the Summons and Complaint.

        2.        Thereafter, Plaintiff served General Star Indemnity in Connecticut on May 10, 2023. General Star Indemnity Company also received a copy of the Complaint via certified mail the following day. **Exhibit B** is a copy of the corresponding affidavits of services.[1]

        3.        The instant removal is timely as it is filed within 30 days of service of the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

---

[1] Certified mail is inadequate service under New York law. *Faravelli v. Bankers Trust Co.*, 85 A.D.2d 335, 340 (1st Dept. 1982).

4. In this suit, Plaintiff alleges that he is entitled to payment under a property insurance policy issued by General Star Indemnity Company. Specifically, Plaintiff claims "at least $200,000". **Exhibit A** at ¶35.

5. Accordingly, the suit exceeds the $75,000 threshold amount in controversy for removal.

6. Additionally, there is complete diversity of citizenship for the purposes of removal.

7. Plaintiff, George Henderson is a citizen of New York. **Exhibit A** at ¶2.

8. In contrast, General Star Indemnity Company is a corporation organized under the laws of the State of Delaware with its principal place of business located at 120 Long Ridge Road, Stamford, Connecticut 06904.

9. Therefore, this Court has diversity jurisdiction as defined by 28 U.S.C. § 1332.

10. General Star Indemnity Company has not answered, moved, or otherwise responded to the Summons and Complaint. No other proceedings have occurred heretofore in this action.

11. No previous application for the relief requested herein has heretofore been made.

WHEREFORE, Defendant General Star Indemnity Company respectfully requests that this action be removed to the Court.

Dated: New York, New York
       June 9, 2023

**ZELLE LLP**

_____/s/_____

        Alexander Cogbill, Esq.
        Matthew Gonzalez, Esq. (pro hac vice forthcoming)
        *Attorney for Defendant*
        General Star Indemnity Company
        45 Broadway, Suite 920
        New York, New York 10006
        (646) 876-4420
        acogbill@zelle.com
        mgonzalez@zelle.com